PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IAN L. FOLMAR, SR., | ) | |
| | ) | CASE NO. 4:21-CV-2233 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STATE OF OHIO HUMAN RESOURCES | ) | |
| DEPARTMENT, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 3, 7] |

Pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2), Motion for Appointment of Counsel (ECF No. 3), and Motion for a Subponea (ECF No. 7). Having reviewed the Plaintiff's Complaint and the applicable law, the Court grants the Motion to Proceed *In Fomra Pauperis*. However, the Court dismisses the Complaint (ECF No. 1) in its entirety, for failure to state a claim upon which relief can be granted. All other pending motions (ECF Nos. 3, 7) are therefore denied.

## I. Background

*Pro se* Plaintiff Ian Folmar, Sr., filed this action against the State of Ohio Human Resources Department, the Trumbull County Child Support Enforcement Agency, and the Stark County Child Support Enforcement Agency. In his Complaint, he contends he was wrongfully sued for child support in both Trumbull and Stark Counties. He lists claims for violation of the Privacy Act, the Freedom of Information Act, the Dept. of Navy Privacy Act, "Crimes v. Military Personnel During War," Fifth Amendment, 18 U.S.C. § 1028 (identity theft), the Fair Debt

(4:21CV2233)

Collection Practices Act, criminal embezzlement, 28 U.S.C. § 1343(3), 28 U.S.C. § 1331, the First Amendment, the Fourth Amendment, "Title 18," and 18 U.S.C. § 242. (ECF. No. 1 at PageID #: 3-6). He seeks monetary damages for loss of his fiancé and son, loss of his naval career and future benefits, loss of his National Basketball Association (NBA) career, "current psychological and mental deficiencies," ongoing defamations and embarrassment, and slander. *Id*.

The Statement of Claim in Plaintiff's Complaint states in its entirety:

> Trumbull, Ohio CSEA: Wrongfully sued by Agency. Employee gave my social security # to her friend to wrongfully sue me. Cleared later by DNA test. Persian Gulf War Navy.
>
> Stark, Ohio CSEA: Wrongfully sued by Agency. The ladies [sic] mother was an employee for the Agency and misused my social security # also to wrongfully sue me. Cleared later by DNA test. Enlisting in Persian Gulf War Navy.

(ECF No. 1 at PageID #: 4). He provides no other factual information to support his claims.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

(4:21CV2233)

clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

To meet the minimum notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff lists numerous legal claims but states only in a conclusory manner that the agencies wrongfully sued him. He does not provide any information concerning the proceedings, including what kind of proceedings they were, who actually brought the actions,

3

(4:21CV2233)

whether they proceeded to judgment or whether they were dismissed in his favor. He states only that DNA tests later "cleared" him. He does not indicate whether that information was presented to the state courts. He also states that agency employees misused his social security number but does not provide any additional explanation. These allegations are not sufficient to meet federal notice pleading requirements.

Furthermore, even if Plaintiff had met the minimum pleading standards of Federal Civil Procedure Rule 8, he fails to state a claim upon which relief may be granted against these Defendants. As an initial matter, the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. 551(1) specifically limit relief for damages to civil actions against a federal agency. *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1984)(holding that Privacy Act claims cannot be brought against state or local agencies); *Hale v. Schaefer*, Case No. No. 99-1100, 1999 WL 1253094, *1 (6th Cir. Dec. 17, 1999)(holding that Freedom of Information Act claims can only be brought against federal agencies). None of the Defendants are federal agencies.

Plaintiff next cites to the Fair Debt Collection Practices Act (the "FDCPA"), a sub-chapter of the Consumer Credit Protection Act which protects both debtors and non-debtors from misleading and abusive debt-collection practices. *See* 15 U.S.C. § 1692(e). The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). The FDCPA specifically

4

(4:21CV2233)

excludes from that definition "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *See* 15 U.S.C. § 1692a(6)(C).

Furthermore, Plaintiff's FDCPA claim fails because child support obligations do not constitute a "debt" for purposes of the statute. "Debt" is defined by 15 U.S.C. § 1692a(5) as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Courts across the country have consistently determined that child support obligations do not meet this definition. *See, e.g., Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87-88 (4th Cir. 1994) ("child support obligations ... do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citing *Mabe* with approval); *Bell v. Providence Cmty. Corr., Inc.*, No. 3:11-00203, 2011 WL 2218600, at *5 (M.D. Tenn. June 7, 2011) (same); *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000)) ("courts have been unanimous in holding that child support payments are not a 'debt' covered by the [FDCPA]"). Because the FDCPA applies only to the collection of a "debt," and because child support obligations do not constitute a "debt," the FDCPA can provide no relief to Plaintiff in connection with attempts to collect child support payments.

Plaintiff's claims for violation of his First, Fourth, and Fifth Amendment rights fall under 42 U.S.C. § 1983. He gives no indication of how the entities he names as Defendants violated

5

(4:21CV2233)

the rights he listed. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). A state or local government entity cannot be held liable for the actions of its employees. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). They can only be held liable if the Plaintiff can demonstrate that the employee was acting pursuant to a custom or policy of the entity. *Id.*; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). There are no facts in the Complaint to suggest how these Defendants may have violated Plaintiff's constitutional rights.

Plaintiff's remaining causes of action are based on criminal statutes. They provide no private right of action. *See e.g.*, *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *DuBose v. Kasich*, No. 2:11–CV–00071, 2013 WL 164506, 2 (S.D. Ohio Jan. 15, 2013); *Lawrence v. City of Warren*, No. 11–CV–13114, 2012 WL 2603146, 2 (E.D. Mich. June 18, 2012).

### IV. Conclusion

Accordingly, Plaintiffs Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The remaining pending motions: Plaintiff's Motion for Appointment of Counsel (ECF No. 3) and Plaintiff's

6

(4:21CV2233)

Motion for a Subponea (ECF No. 7) are hereby denied.

      IT IS SO ORDERED.

| | |
|---|---|
|   March 4 , 2022   |  /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |